IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SUSAN BAYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-0011-MJR-SCW |
| | ) |
| ALTON COMMUNITY UNIT SCHOOL DISTRICT #11, VICKIE BRECKEL, and CAHOKIA UNIT SCHOOL DISTRICT #187, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

In 2015, Susan Bayer filed suit in Illinois state court against the Alton Community Unit School District, the Cahokia Unit School District, and Vickie Breckel, the Director of Special Education for the Cahokia Unit School District. According to her complaint, Bayer was employed by the Alton Community Unit School District in 2014 as a substitute teacher and social worker, and was hired as a social worker at the Cahokia Unit School District for the 2014-15 school year. In 2014, Bayer told staff at the Cahokia Unit School District that she suffered from multiple sclerosis, and Bayer claims that Cahokia and Breckel decided not to rehire her for the 2015 semester in light of this information. Bayer also claims that the Alton Community Unit School District was aware of her multiple sclerosis in 2014 and denied her full time employment for the 2014-15 school year because of it. She says that the Cahokia Unit School District violated the Americans with Disabilities Act and state law by discriminating against her

1

due to her disability, by retaliating against her for reporting her disability, by discharging her in violation of public policy, and by breaching her employment contract. The Alton Community Unit School District, says Bayer, also violated federal and state law when it discriminated against her on account of her disability. After Bayer filed her complaint, Breckel and the two school districts were served, and the suit was removed to this Court on January 5, 2016. On February 8, 2016, Cahokia and Breckel moved to dismiss the federal claims in Bayer's complaint, maintaining that Bayer's suit was filed after the limitations period for those claims elapsed.

A motion to dismiss tests the legal sufficiency of a complaint and the claims within it—a complaint's factual sufficiency, aside from the question of whether it contains enough facts at all, is to be tested later, usually by a motion for summary judgment and sometimes by a full-blown trial. *Szabo v. Bridgeport Mach., Inc.*, **249 F.3d 672, 675-76 (7th Cir. 2001)**. It is for that reason that the Court must accept all of the facts alleged in a plaintiff's complaint as true and draw all reasonable inferences from those facts in the plaintiff's favor. *Healy v. Metro. Pier & Exposition Auth.*, **804 F.3d 836, 838 (7th Cir. 2015)**. A claim survives a motion to dismiss if there are enough facts pled to put the defendant on notice and if those facts, taken as true, state a plausible legal claim. *Vesely v. Armslist LLC*, **762 F.3d 661, 664 (7th Cir. 2014)**. Because a court is mainly limited to the material in the complaint when ruling on a motion to dismiss, motions to dismiss based on affirmative defenses usually go nowhere, for complaints don't typically include enough information to allow for a dispositive ruling on an affirmative defense. *Brooks v. Ross*, **578 F.3d 574, 579 (7th Cir. 2009).** However, when

all relevant facts to an affirmative defense are presented in the complaint, as they sometimes are in the statute of limitations context, a court may dismiss a case on that ground if those facts, accepted as true, show that the defense must carry the day. *Brownmark Films, LLC v. Comedy Partners*, **682 F.3d 687, 690 (7th Cir. 2012).**

Cahokia and Breckel's motion to dismiss is premised on one aspect of the limitations period laid out in the Americans with Disabilities Act. As both parties agree, under the Act, a plaintiff must file suit within ninety days from the date she receives notice of a right to sue from the Equal Employment Opportunity Commission. *E.g., Del Korth v. Supervalu, Inc.*, **46 F. App'x 846, 847-48 (7th Cir. 2002);** *Houston v. Sidley & Austin*, **185 F.3d 837, 839 (7th Cir. 1999).** No one disputes that Bayer received notice from the Commission that she could sue on April 18, 2015, and both parties agree that she needed to file suit on or around July 20, 2015 to comply with the ninety day requirement. The parties diverge on a single point—when Bayer actually filed suit. Cahokia and Breckel say that she filed suit in state court on November 2, 2015, while Bayer insists that she filed suit in state court on July 13, 2015. The notice of removal in this case doesn't include a file stamped copy of Bayer's state complaint and Bayer failed to add a date in the signature block, so there's nothing for the Court to accept as true to permit or reject a limitations argument at this stage. Even worse, the remainder of the record—including Cahokia and Breckel's ***own notice of removal***—says that Bayer filed suit in state court on July 13, 2015. When the Court gives Bayer all fair inferences from those points, a limitations dismissal becomes especially improper at this stage.

One closing note is in order. Cahokia and Breckel haven't argued any other legal or factual basis for dismissal beyond the point that Bayer's state suit was filed on November 2, 2015, and thus was out of time. For instance, they haven't argued that Bayer had an obligation to file her suit in federal court rather than state court within the ninety day period, nor have they cited any law to back up that point. So the Court won't address that point for now. The Court also doesn't address whether Bayer has definitively satisfied the ninety day filing requirement; the defendants are free to file a summary judgment motion at a later point on the statute of limitations issue. The only issue currently before the Court is whether Cahokia and Breckel are right that Bayer filed suit in state court on November 2, 2015 rather than July 13, 2015, and given the state of the record, the motion to dismiss on that basis (Doc. 11) is **DENIED**.

**IT IS SO ORDERED.**

DATED: September 30, 2016

/s/ **Michael J. Reagan**
**Chief Judge Michael J. Reagan**
**United States District Court**